Mills agt. Thursby and others, ex'rs, &c.

---

## SUPREME COURT.

[ No. 4. ]

DAVID S. MILLS agt. JOHN B. THURSBY and others, executors, &c., of JOHN THURSBY, deceased.

Where it appeared that executions were issued upon a judgment against the defendant, one to the sheriff of Kings and one to the sheriff of New-York, that the latter had levied upon sufficient property to satisfy the execution, but the defendant had obtained, by default, a stay of proceedings, during which stay the property levied upon was withdrawn from the effect of the execution,

*Held,* under such circumstances, the plaintiff should not be stayed in enforcing his levy in Kings county.

*New-York Special Term, October,* 1853.

THIS was a motion for an order to restrain the sheriff of Kings county from making sale of the property of John Thursby, deceased, against whom the plaintiff had recovered a judgment in September, 1851, for 19,455.78, upon which executions had been issued by the plaintiff, in the lifetime of the judgment-debtor, to the sheriffs of New-York and Kings counties. Appeal having been taken to the general term, and the suit revived by the executors of Thursby, but no stay of proceedings. The defendants alleged that the sheriff of New-York had levied upon property of Thursby sufficient to satisfy the judgment, and that the sheriff of Kings pretended he had made a levy upon property sufficient to satisfy the debt. That the defendants had filed their complaint in this court for a review of the finding of the referees, upon which the judgment was entered, on the ground of an accidental omission on the part of Thursby to prove before them certain alleged bad bebts, amounting to about $10,000; and in that suit they had prayed for an injunction against the enforcement of the judgment; and that the sheriff of Kings county had advertised the real estate of John Thursby for sale on the 5th of November, and his personal estate on the 22d of October, 1853.

The plaintiff denied the allegation as to bad debts, and alleged that an order for a stay of proceedings of the sheriff of New-York had once been obtained by default; and, before the stay was vacated, John Thursby had re-possessed himself of the property levied upon by the sheriff.

N. DANE ELLINGWOOD, *for defendants,*
Cited 6 *Wend. R.* 562; 20 *Johns. R.* 294.

ALBERT MATHEWS, *for plaintiff,*
Cited 4 *Hill,* 619; 23 *Wend.* 490.

EDWARDS, Justice. The affidavit of the defendant alleges, that a levy was made under an execution issued in New-York,

NEW-YORK PRACTICE REPORTS. 121

Mills agt. Thursby and others, ex'rs, &c.

but it does not state that the judgment has, in fact, been satisfied, nor that there is any property now held under the levy. The plaintiff's affidavit alleges that an order was obtained by default, during the accidental absence of his counsel, and that, before it was set aside, the property levied on was withdrawn from the effect of the execution.

Under these circumstances, I see no good reason why the plaintiff should be restrained from .enforcing his levy in Kings county.

Motion denied, with $10 costs.

SUPREME COURT.

[ No. 5. ]

DAVID S. MILLS agt. JOHN B. THURSBY and others, executors, &c.

